Dear Mayor Hightower:
You have requested the opinion of this office on the following issue:
 May the Mayor amend the existing concessions contract for Independence Stadium to include other facilities owned by the City of Shreveport without first obtaining the approval of the City Council?
Based on review of the documentation provided to me by the City, we do not feel that Ordinance 104 of 1997 provides authority for concessions at any city owned facility other than Independence Stadium. Therefore, a new ordinance would be required to add other facilities to the existing concession contract or to enter a new contract for such added services.
I note that both the Request for Proposals (RFP) which resulted in the present concessions contract and the ordinance authorizing the execution of the contract reference the scope of the contract as Independence Stadium. Page 3 of the RFP, contains the following:
 1. Introduction
 The City of Shreveport Public Assembly Recreation Department (SPAR) seeks a contractor to operate and manage concessions and related food/beverage service operations for Independence Stadium.
The document then describes in detail the Independence Stadium facility, the events regularly scheduled there, and the existing stadium concessions facilities. After seven additional pages of general requirements for contract performance, the RFP contains this entry:
 10. Other Locations
 The City reserves the right to add other locations, with fees to be negotiated, if mutually agreeable with the successful offeror.
This apparently is the only reference to the possibility of concession operations at other locations in the RFP and it is not clear from the language of the "Other Locations" provision that this encompasses locations outside of Independence Stadium since the remainder of the RFP rather clearly relates exclusively to that facility. "Other Locations" could also refer to possible concession booths at locations within Independence Stadium other than the thirteen buildings specifically referred to on page 3 of the RFP. Ordinance 104 of 1997 states simply, "Whereas, the services to be provided by the Concessionaire in Independence Stadium will provide a benefit to the public" making no reference whatsoever to other possible locations. This is too thin a thread on which to hang a contract amendment dealing with facilities outside of Independence Stadium.
As you are aware, contracts such as this concessions contract were authorized specifically for the City of Shreveport by R.S. 33:4712.2, which provides in pertinent part:
 A. The city of Shreveport may lease or grant concessions or rights of use for any property or portions thereof, including real property, owned by the city, which in the opinion of its governing authority is to be used for purposes which benefit the public, in accordance with the procedures set forth in R.S. 33:4712, except as otherwise specifically provided in this section. Any lease, concession, or right of use granted pursuant to this Section shall not exceed a term of twenty-five years.
While the language used is somewhat obscure, it does imply that the "governing authority", the City Council, must be of "the opinion" that "any property or portions thereof will "be used for purposes which benefit the public". Although permeated with vagueness, it is clear that the Council has a role in determining which properties may be utilized under the provisions of this statute. Until those properties are identified for the Council, they obviously cannot form the "opinion" required by the statute.
Therefore, for these reasons we conclude that any amendment to the concessions contract dealing with properties other than Independence Stadium must be submitted to the City Council for approval. We would point out that while it is salutary to utilize a RFP in soliciting a contractor for concessions services, there is nothing in state law which requires such a process. Therefore, it is legally permissible for the City to negotiate such an amendment with the current contractor, or a new contract with another contractor, and to present that document to the Council for adoption as an ordinance in compliance with the requirements of R.S. 33:4712.
I trust that this answers your inquiry. Please let us know if we may be of any further assistance in this matter,
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ GLENN R. DUCOTE Assistant Attorney General
RPI:GRD:jv